UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS WILLIAM WOJNAROWSKI, | ) | |
| | ) | Civil Action No. 19-174 |
| Plaintiff, | ) | |
| v. | ) | District Judge Kim R. Gibson |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JOHN E. WETZEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | ECF Nos. 49, 79 |
| | ) | |

**MEMORANDUM ORDER**
**ON MEDICAL DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY**
**JUDGMENT AND CORRECTIONS DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiff initiated this *pro se* action by filing a Motion for Leave to Proceed in forma pauperis, which was granted on October 28, 2019 (ECF Nos. 1 and 2). His Complaint, filed pursuant to 42 U.S.C. § 1983, was docketed on October 29, 2019 (ECF No. 4). The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 96), dated November 10, 2020, recommended that the Motion to Dismiss or in the Alternative for Summary Judgment filed, as to Plaintiff's Amended Complaint (ECF No. 35), by Defendants Ellis Kaufman, PA-C, Roxanne Playso, PA-C, and Correct Care Solutions, LLC ("CCS") (collectively, the "Medical Defendants") (ECF No. 49) be granted in the form of summary judgment as Plaintiff has failed to administratively exhaust those

1

claims. It further recommended that the Partial Motion to Dismiss filed by Defendants the Department of Corrections (the "DOC"), Secretary of the DOC John E. Wetzel, Medical Administrator Brian Hyde, Nurse Kennedy, C/O Garrison, C/O Strait, Sergeant Nedsmith, C/O Bernstar, and Nurse Tammy (the "Corrections Defendants") (ECF No. 79) be granted in part and denied in part. More particularly, it recommended that Plaintiff's claims against Corrections Defendants the DOC and Wetzel be dismissed on grounds of Eleventh Amendment immunity and, as to Wetzel, failure to state a claim. It further recommended that, as to the remaining identified Corrections Defendants, the Partial Motion to Dismiss be denied as to dismissal of Plaintiff's claim of medical malpractice against Corrections Defendants Hyde and Kennedy, and granted in all other respects. And it further recommended *sua sponte* dismissal of the Doe Correction Defendants on certain claims, pursuant to 28 U.S.C. §§ 1915(e)(2).

Finally, in consideration of Plaintiff's *pro se* status, it recommended that Plaintiff be granted *sua sponte* a 30-day leave to file a Supplement to his Amended Complaint limited to a filing of not more than three (3) pages directed only to a good faith, facially-plausible claim, if any, against Dr. Delisma, who is identified as a Defendant in Plaintiff's Amended Complaint (ECF No. 35) at para. 89, and his Response (ECF No. 85), but is not included as a Defendant in the caption or other section of the Amended Complaint and is not the subject of any specific factual allegations. It recommended that any Supplement should be consistent with the good faith mandates of Federal Rules of Civil Procedure 8 and 11, and limited to specifying Delisma's liability as to

Plaintiff's surviving claims of (a) deliberate indifference under the Eighth Amendment and (b) state tort medical malpractice, premised on the events of July 2018, which may be pursued in accordance with the exhaustion requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e et seq.

The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, they had fourteen (14) days to file any objections, and that unregistered ECF users were given an additional three (3) days pursuant to Federal Rule of Civil Procedure 6(d). No objections have been filed.

After review of the pleadings and documents in the case, together with the Report and Recommendation, and Plaintiff's Objections thereto (ECF No. 103), dated December 3, 2020, the following Order is entered:

AND NOW, this 8th day of January, ~~2020~~, 2021

**IT IS HEREBY ORDERED** that the Motion to Dismiss or in the Alternative for Summary Judgment filed by the Medical Defendants") (ECF No. 49) is **GRANTED** in the form of summary judgment and the Medical Defendants dismissed, as Plaintiff has failed to administratively exhaust those claims.

**IT IS FURTHER ORDERED** that the Partial Motion to Dismiss filed by the Corrections Defendants (ECF No. 79) is **GRANTED** in part and **DENIED** in part. More particularly, said Partial Motion to Dismiss is **DENIED** as to dismissal of Plaintiff's claim of medical malpractice against Corrections Defendants Hyde and

3

Kennedy, and **GRANTED** in all other respects - and Corrections Defendants the DOC and Wetzel therefore dismissed - as fully set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the Doe Correction Defendants as to which dismissal of other Corrections Defendants is being granted are dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2), as fully set forth in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff is given a 30-day leave to file a Supplement to his Amended Complaint limited to a filing of not more than three (3) pages directed only to a good faith, facially-plausible claim, if any, against Dr. Delisma. Any Supplement must be consistent with the good faith mandates of Federal Rules of Civil Procedure 8 and 11, and limited to specifying Delisma's liability as to Plaintiff's surviving claims of (a) deliberate indifference under the Eighth Amendment and (b) state tort medical malpractice, premised on the events of July 2018, which may be pursued in accordance with the exhaustion requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, as amended, 42 U.S.C. § 1997e *et seq*.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 96) of Magistrate Judge Lenihan, dated November 10, 2020, is adopted as the opinion of the Court.

BY THE COURT:

_____
Kim R. Gibson
United States District Judge

cc: THOMAS WILLIAM WOJNAROWSKI
HJ 5106
SCI SOMERSET
1600 Walters Mill Road
Somerset, Pa 15510
*Via First Class U.S. Mail*

Counsel for Defendants
*Via Electronic Mail*

5