IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS WILLIAM WOJNAROWSKI, | ) ) | Civil Action No. 19 – 174J |
| Plaintiff, | ) ) ) | District Judge Kim R. Gibson Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | |
| JOHN E. WETZEL, *et al.*, | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Motion to Substitute Party (ECF No. 165) wherein Plaintiff requests that John Doe, the new Corrections Health Care Administrator ("CHCA") be substituted for Defendant Brian Hyde due to the Suggestion of Death filed on behalf of Defendant Hyde on March 18, 2022.

Federal Rule of Civil Procedure 25(a)(1) provides: "[I]f a party dies and the claim is not extinguished, the court may order substitution of the **proper party**. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after the service of a statement noting the death, the action by and against the decedent must be dismissed." (emphasis added). Under the rule, "the **proper party** for substitution is the decedent's successor or representative." In re Baycol Products Litigation, 616 F.3d 778, 783 (8th Cir. 2010) (emphasis added).

In Sinito v. U.S. Department of Justice, 176 F.3d 512, 516 (D.C. Cir. 1999), the court noted that Rule 25 allows for the substitution of a "successor" for a deceased party, a term which

means that a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate.  Rather, the purpose of Rule 25 is to allow more flexibility in substitution.  As to who may be substituted as a proper party successor for a deceased defendant, it has been held in this setting:

> [U]nder certain circumstances a person may be a "successor" under Rule 25(a)(1) if she is (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.

In re Baycol Products Litigation, 616 F.3d 778, 784-85 (8th Cir. 2010) (citations omitted).

Here, the new CHCA is not a "proper party" under Rule 25(a) because he/she is not Brian Hyde's representative or successor.  However, "[n]o injustice results from the requirement that a suggestion of death identify the representative or successor of an estate who may be substituted as a party for the deceased before Rule 25(a)(1) may be invoked by those who represent or inherit from the deceased."[1]  Rende v. Kay, 415 F.2d 983, 986 (D.C. Cir. 1969).  Accordingly, the following Order is now entered.

AND NOW this 31st day of May, 2022,

IT IS HEREBY ORDERED that Plaintiff's Motion to Substitute Party (ECF No. 165) is DENIED without prejudice to his naming a proper party in a renewed motion.

IT IS FURTHER ORDERED that Attorney Raymond is to inquire as to whether there is any representative or successor of Defendant Brian Hyde's estate that can be substituted into this

---

[1] It is noted that the 90-day time period in which Plaintiff may file a motion for substitution has not yet commenced because the Suggestion of Death does not appear to have been served on any representative or successor of Defendant Brian Hyde's estate.  See Fed. R. Civ. P. 25(a)(3); see also Giles v. Campbell, 698 F.3d 153, 158-59 (3d Cir. 2012).  Accordingly, the Court vacates that part of its Order of April 6, 2022, wherein it stated that Plaintiff had 90 days from March 18, 2022, in which to file his motion for substitution.

action pursuant to Rule 25 of the Federal Rules of Civil Procedure and notify the Court of his efforts to identify said representative or successor no later than June 15, 2022.

<u>/s/ Lisa Pupo Lenihan</u>
Lisa Pupo Lenihan
United States Magistrate Judge

Cc: Thomas William Wojnarowski
HJ5106
SCI Fayette
50 Overlook Drive
LaBelle, PA  15450

Counsel for Defendants
(Via CM/ECF electronic mail)