IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS WILLIAM WOJNAROWSKI, | ) ) ) | Action No. 3:19-cv-00174 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | District Judge Kim R. Gibson Magistrate Judge Maureen P. Kelly |
| MS. KENNEDY, Registered Nurse, Employer: Bureau of Health Care Services, *et al.*, | ) ) ) ) | Re: ECF No. 338 |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Plaintiff's Motion for Sanctions (ECF No. 338), with an accompanying Brief (ECF Nos. 339, 341[1]), Affidavit (ECF No. 340) and Appendix of exhibits (ECF No. 342), requesting that the Court impose sanctions against Corrections Defendants Nurse Tammy, Officer Bernstar and their counsel for their purported failure to provide the identity of a witness in violation of their duty to make disclosures, cooperate in discovery and comply with this Court's orders. Pursuant to the Court's Order dated November 21, 2021 (ECF No. 345), Defendants have filed their Response to Plaintiff's Motion (ECF No. 347). For the reasons that follow, the Motion for Sanctions is denied.

**A. Relevant Background**

By way of background, in the Amended Complaint (ECF No. 35), Plaintiff asserts claims for various constitutional, federal and state law violations stemming from events that occurred in

---

[1] Although docketed as a Concise Statement of Material Facts, it is believed that this document is Plaintiff's Brief in support of his Motion for Sanctions.

1

July 2018. Relevant to the instant Motion are his allegations that he went into cardiac arrest and was resuscitated with CPR at SCI-Somerset on July 12, 2018. Plaintiff alleged that based on information he was provided around that time, it was Corrections Defendants Nurse Tammy and Officer Bernstar who administered CPR to him on that day. Specifically, he attested to the fact that while he was in the hospital on July 23, 2018, he was told by Officer Bernstar that it was he and Nurse Tammy who administered CPR, and that while he was in the infirmary at SCI-Somerset on July 24, 2018, Nurse Tammy also told him that it was she who provided the CPR. *See* ECF Nos. 340, 342-2. However, according to the documents submitted by the Defendants in support of their Motion for Summary Judgment, it was Nurse Stephen Knapp who responded and provided emergent medical care to Plaintiff on July 12, 2018. *See* ECF No. 302, pp.12-13. It is unclear from Plaintiff's Motion for Sanctions, but he appears to claim that he did not learn of Nurse Knapp's involvement until after he received Nurse Tammy's responses to his requests for admissions filed on February 3, 2023, and he argues that Defendants' failure to disclose this information earlier in discovery was intentional and warrants sanctions.[2]

    **B. Relevant Discovery Requests and Disclosures**

This Court entered its Case Management Order on April 6, 2022. (ECF No. 144.) In that Order, the Court directed that Defendants provide Plaintiff with the following information no later than May 6, 2022: (1) all incident reports, grievances, disciplinary reports, or other similar documents in its possession concerning the alleged incident or incidents; (2) all medical records in its possession regarding Plaintiff that relate to the claims in his complaint; and (3) all information necessary to identify any Doe Defendants. *Id*. Defendants filed their Notice of

---

[2] The Court assumes that the filing of Plaintiff's Motion for Sanctions is in response to Defendants' pending Motion for Summary Judgment and their argument that Plaintiff has failed to demonstrate through his pleadings or the available evidentiary record that either Nurse Tammy or Officer Bernstar had any personal involvement in providing Plaintiff with CPR or any other emergent medical care on July 12, 2018. *See* ECF No. 302, pp.12-13.

Compliance with that Order on April 26, 2022, identifying the documents that had been produced to Plaintiff, which included his medical records from July 2018 to January 2020 and the Emergency Occurrence Report form, EOR 2018 – SMR – 00214.  (ECF No. 152.)  Contained within Plaintiff's medical records was an Emergency Response Treatment Record form, which clearly indicates that Nurse Stephen Knapp was the first responder who treated Plaintiff and performed CPR on July 12, 2018.  (ECF No. 347-2.)  Additionally, pages 4 and 5 of the Emergency Occurrence Report form clearly indicate that Nurse Stephen Knapp responded to Plaintiff's medical emergency on July 12, 2018, started CPR upon arrival and continued until the arrival of an AED.  (ECF No. 347-1.)

On August 9, 2022, Plaintiff filed a motion requesting pretrial disclosures pursuant to Federal Rule of Civil Procedure 26(a) ("Rule 26(a)"), and for the Defendants to identify any deposition testimony and all documents that they planned to offer into evidence.  (ECF No. 213.)  That motion was granted to the extent that Rule 26(a) disclosures had not yet been provided to Plaintiff.  (ECF No. 216.)  Defendants' response to Plaintiff's request indicates that Plaintiff had been provided with all relevant information related to his case and claims pursuant to Rule 26(a), and that the "disclosures he [was] requesting [pursuant to Rule 26(a)(3)(A)(i-iii)], to include the identification of deposition testimony and all documents that defendants planned to offer into evidence, were premature and would be provided to him at the appropriate time [in accordance with Rule 26(a)(3)(B)]."  (ECF No. 342-3, p.7.)

On February 3, 2023, Plaintiff filed a motion requesting discovery from Nurse Tammy in the form of answers to written interrogatories, which included questions as to whether she was working in the medical department at SCI-Somerset on July 12, 2018, and whether she helped perform CPR on him that day.  (ECF No. 240.)  Nurse Tammy was directed to respond (ECF No.

3

250) and her response indicates that while she was working the 6:00 a.m. to 2:00 p.m. shift at SCI-Somerset on July 12, 2018, she did not provide him with CPR and advised that it was Nurse Knapp who performed CPR on Plaintiff on July 12, 2018. (ECF No. 342-5, p.1.) Presumably, this is when Plaintiff claims that he first learned that it was Nurse Knapp, and not Nurse Tammy, who administered CPR on July 12, 2018.

Plaintiff states that while Nurse Tammy's name was "brought up numerous times in the documents he received[,] she [was] not referred to in any way as not being the person who was the first responder." (ECF No. 341, p.3.) According to Plaintiff, he was receiving chemotherapy at the time he received Defendants' discovery disclosures and was "confused enough not to notice Nurse Tammy Darr as an imposture." Id., p.4. He believes that Defendants intentionally failed to disclose that it was Nurse Knapp who administered CPR to him on July 12, 2018, perhaps to waste his time litigating this case against Nurse Tammy who they knew "should not have been a defendant." (ECF No. 341, p.8.)

It is worth noting that in Plaintiff's motion requesting leave to take depositions upon written interrogatories that was filed on September 2, 2022, he identifies Nurse Stephen Knapp as one of the individuals he wanted to depose. (ECF No. 218.) Therefore, it is likely that Plaintiff was aware of Nurse Knapp's involvement in the events in question prior to this day.

**C. Discussion**

Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions against a party that fails to comply with a court order. Fed. R. Civ. P. 37. Although the Federal Rules of Civil Procedure permit a court to sanction, "[t]he decision to impose sanctions for discovery violations and any determination as to what sanctions are appropriate are matters entrusted to the discretion

4

of the district court." Bowers v. National Collegiate Athletic Ass'n, 475 F.3d 524, 538 (3d Cir. 2007) (citing National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976)).

Plaintiff argues that sanctions are appropriate because Defendants violated their duty to disclose and did not comply with this Court's orders or cooperate in discovery insofar as his requests related to providing him with the identity of the person who administered CPR to him on July 12, 2018, Nurse Knapp. However, having considered Plaintiff's Motion for Sanctions and Defendants' Response thereto, the Court finds that there is no basis to impose sanctions. As part of their initial disclosures provided to Plaintiff on April 26, 2022, Defendants turned over copies of Plaintiff's medical records containing the Emergency Response Treatment Record form, as well as the Emergency Occurrence Report, both of which clearly identified Nurse Knapp as the person who administered CPR to Plaintiff on July 12, 2018. Defendants have provided evidence that they complied with their duty to disclose and with the orders entered by this Court directing them to provide Plaintiff with the requested discovery, and Plaintiff has failed to demonstrate that they disobeyed any order or were evasive or incomplete in their disclosures.[3] As such, sanctions are not appropriate. An appropriate Order follows.

WHEREFORE, this 11th day of December 2023, it is HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF No. 338) is DENIED.

---

[3] The Court notes that Plaintiff complains about Defendants' response to his motion filed on May 26, 2022, which requested further discovery, and specifically request No. 13 of that motion to provide him with "all names of witnesses." (ECF No. 163.) That motion was granted in part and denied in part, and Defendants were ordered to respond as directed. (ECF No. 172.) Although Plaintiff states that the Defendants objected to providing him with the requested information on the basis that it would be provided "should the need for Plaintiff to call witnesses at trial arise," the Defendants' response to Plaintiff's request reveals that this objection was directed at Plaintiff's request No. 24 of that motion to provide him with the "address or locations of witnesses" and not his request for names of witnesses. (ECF No. 342-6, pp.2-3.) Plaintiff did not provide the Court with that portion of Defendants' response directed at his request No. 13, and so the Court is unaware as to how the Defendants responded.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

 */s/ Maureen P. Kelly*
MAUREEN P. KELLY
United States Magistrate Judge

Cc: Thomas William Wojnarowski
HJ5106
SCI Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA  15501

Counsel for Defendants
(Via CM/ECF electronic mail)